E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0766-GHK (MANx) | Date | February 10, 2009 |
|---|---|---|---|

| Title | *Darren Stewart v. County of Los Angeles Department, of Child Support Services* |
|---|---|

**Presiding: The Honorable**     **GEORGE H. KING, U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On January 30, 2009, Plaintiff Darren Stewart ("Plaintiff") filed the above-captioned Complaint in this Court.  The Complaint states that we have jurisdiction under 42 U.S.C. §§ 201.10 & 603, 35 F.R. 12180 (July 29, 1970 as amended); and § 657 (January 3, 2006).  It is unclear whether these statutes provide a private cause of action and thus create federal question subject matter jurisdiction.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

**I.     Federal Question Jurisdiction**

We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation omitted).

42 U.S.C. § 1983 creates a private cause of action against anyone who, under the color of state law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution or laws" of the United States.  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  In *Blessing*, the Supreme Court held that the broad "requirement that a State operate its child support program in 'substantial compliance' with Title IV-D" did not constitute a federal right.  *Id.* at 343.  In so holding, however, the Court did "not foreclose the possibility that *some* provisions of Title IV-D give rise to individual enforceable rights" under § 1983, if a plaintiff could "identify with particularity" the rights claimed.  Id.

E-Filed

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-0766-GHK (MANx) | Date | February 10, 2009 |
|---|---|---|---|
| Title | *Darren Stewart v. County of Los Angeles Department, of Child Support Services* | | |

at 342, 345.  Here, it is unclear whether Plaintiff is alleging jurisdiction pursuant to a provision of Title IV-D for which the Court has found there to be an individual enforceable right under § 1983.

**II.     Order**

The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN FOURTEEN (14) DAYS**, as to why this matter should not be dismissed because this court lacks subject matter jurisdiction.

Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Defendants' admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |