UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARREN STEWART, | ) | CASE NO. CV 09-00766 GHK (RZ) |
| Plaintiff, | ) | |
| vs. | ) | ORDER – |
| | ) | 1.   TO SHOW CAUSE RE *ROOKER-FELDMAN* and *YOUNGER* DOCTRINES; and |
| COUNTY OF LOS ANGELES, ET AL., | ) | 2.   STAYING ACTION |
| Defendants. | ) | |

      Plaintiff alleges that Defendant unfairly won several parentage-oriented lawsuits against him in the state courts in the 1990s and continues to embroil him in state-court litigation unfairly. Plaintiff is suffering ongoing losses in the state-court battles, and he wants this Court to reverse his fortunes. He probably is in the wrong court. Because this Court may lack jurisdiction over the matter, it issues this Order To Show Cause and stays the action.

      Litigants may not seek to appeal, or otherwise relitigate, state-court losses in federal district courts. Federal jurisdiction over appeals from state courts lies exclusively in the Supreme Court and is beyond the original jurisdiction of federal district courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct.149, 68 L.Ed.2d 362 (1923). This jurisdictional bar also excludes claims that are "inextricably intertwined" with those a state court has already decided. *District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 486-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Taken together, these holdings have come to be known as the *Rooker-Feldman* doctrine, which today is understood to mean that a party who loses in the state courts is barred from seeking what, in effect, would be appellate review of the state judgment in a federal district court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). This rule applies even when the challenge to the judgment involves federal constitutional issues. *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994).

In addition, federal courts may abstain from actions – even if they technically do have jurisdiction – that implicate state legal proceedings that (1) are ongoing, (2) involve important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate the very federal claims he seeks to litigate in federal court. This is commonly called "*Younger* abstention." *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

The Court ORDERS Plaintiff to show cause in writing, by no later than 30 days from the filing date of this Order, why this action should not be dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine and/or *Younger* abstention.

Plaintiff shall serve a copy of this Order on Defendant in conjunction with service of process, or, if process already has been served, he shall serve a copy of the Order on Defendant forthwith.

Pending resolution of this Order To Show Cause, the Court STAYS this action. No Defendant served with process need file any first paper until the stay is vacated.

IT IS SO ORDERED.

DATED: June 2, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE